# Home Oil Company of Hot Springs, Virginia, Inc.

## v.

# Home Oil Company, Incorporated

Record No. 891092

June 8, 1990

Present: All the Justices

*Richard E.B. Foster (Robert A. Mullen; Fox, Wooten & Hart,* on briefs), for appellant.
*Alan T. Gravitt (Gravitt & Gravitt,* on brief), for appellee.

CHIEF JUSTICE CARRICO delivered the opinion of the Court.

On September 9, 1988, Home Oil Company, Incorporated (Home Oil) filed in the Circuit Court of Lancaster County a bill of complaint against Home Oil Company of Hot Springs, Virginia, Inc. (Hot Springs). The bill sought to have the trial court establish as valid and enforceable a report of an arbitrator dated June 29, 1988.

On October 14, 1988, Hot Springs filed in the Circuit Court of Rockbridge County a bill of complaint against Home Oil. This bill sought a declaratory judgment establishing as valid and enforceable a report of the same arbitrator dated January 15, 1988.

In the Lancaster County proceeding, Hot Springs waived objection to jurisdiction in that county and, with the consent of Home Oil, was permitted to file its Rockbridge bill of complaint as a cross-bill. Both parties then filed motions for summary judgment.

After a hearing, the trial court denied Hot Springs's motion for summary judgment and granted Home Oil's, holding that the June 29, 1988 report of the arbitrator was valid and enforceable. In accordance with the report, the court entered judgment in favor

of Home Oil in the sum of $5,436.32, with interest at the judgment rate from July 1, 1988. We granted Hot Springs this appeal.

The record shows that in January 1984, Home Oil agreed to sell certain assets to Hot Springs. Following settlement of the agreement, a dispute arose between the parties concerning whether each had performed as required, and each side filed or threatened to file legal action.

In 1985, the parties agreed to submit the dispute to binding arbitration, and Eric L. Sisler, a Lexington attorney, was selected to act as arbitrator. By letter dated April 9, 1986, addressed to Sisler and signed by both disputants, the parties agreed to the "ground rules concerning the arbitration between them."

On January 15, 1988, following a series of hearings in which substantial evidence was taken, Sisler issued an "Arbitrator's Report." In the report, Sisler found that Home Oil was indebted to Hot Springs in the sum of $9,997.44. Then, on January 18, 1988, on his own motion, Sisler issued an "Arbitrator's Supplemental Report."

In his supplemental report, Sisler stated that, in his earlier rendition, he had not given Home Oil credit for the sum of $10,485.72 for accounts receivable withheld by Hot Springs and not remitted to Home Oil. As a result of applying the credit, Sisler found that Hot Springs was indebted to Home Oil in the sum of $488.28.

On April 6, 1988, Sisler issued "Arbitrator's Supplemental Report #2." In this report, Sisler stated that Home Oil had requested he determine whether interest should be allowed on the $10,485.72 credit granted in his first supplemental report. Sisler held that Home Oil was entitled to interest on the amount of the credit.

Lastly, on June 29, 1988, Sisler issued "Arbitrator's Supplemental Report #3: Final Report." In this report, Sisler stated that he had been requested by Home Oil to "calculate interest on the various accounts in order to arrive at net figures due and payable." Sisler attached three schedules to the report in which interest was computed to June 1, 1988, with the result, Sisler said, that Hot Springs owed Home Oil the sum of $5,436.32 with interest from June 1, 1988. As noted previously, the trial court held this report valid and enforceable and, in accordance therewith, entered judgment for $5,436.32 in favor of Home Oil.

On appeal, Hot Springs argues that Sisler's first report, issued January 15, 1988, was a final report, addressing and answering all aspects of the dispute submitted to him by the parties. Then, quoting *Sydnor Co.* v. *County School Board*, 182 Va. 156, 28 S.E.2d 33 (1943), Hot Springs states that it is settled law in Virginia that "[a]fter a purported award has been made, the arbitrators become *functi officio* [and] cannot remedy a defective award, or conduct further proceedings, in the absence of agreement or statute." *Id.* at 172, 28 S.E.2d at 39.

Here, Hot Springs maintains, the parties did not consent to Sisler taking any further action with respect to the January 15, 1988 award, and there is no statutory authority which would allow an arbitrator, on his own motion, to amend a purported award. Furthermore, Hot Springs complains, Sisler considered and decided the matters contained in the second and third supplemental reports on the *ex parte* requests of Home Oil without any notice to Hot Springs that modifications were being sought.

Hot Springs contends further that had Home Oil wished correction of any error or defect in the January 15, 1988 award, it had available the provisions of the Uniform Arbitration Act, Code §§ 8.01-581.01 *et seq.*, yet failed to avail itself of the Act's provisions. Hot Springs asserts that, while the Act did not become effective until after the parties signed the "ground rules" letter,* the statutory provisions are procedural in nature and applicable retroactively to this dispute. Under the Act, Hot Springs points out, a party may file an application with the arbitrator requesting modification or correction of an award, but the application must be made within twenty days after delivery of the award, and written notice must be given the opposing party. Code § 8.01-581.08.

Hot Springs says that, because Home Oil failed to proceed under and comply with the Act, Sisler had no power to amend or modify the award of January 15, 1988. Hence, Hot Springs concludes, that award should have been declared valid and enforceable, resulting in a judgment in Hot Springs's favor for $9,997.44.

We agree with Hot Springs that the trial court erred in upholding the awards made in the second and third supplemental reports. Each award was made upon the *ex parte* request of Home Oil without any notice to Hot Springs that a modification was be-

---

* The "ground rules" letter was signed April 9, 1986; the Act became effective July 1, 1986.

ing sought. The failure to give notice and an opportunity to be heard renders the awards of April 6, 1988, and June 29, 1988, invalid and unenforceable. *See Seldner Corporation v. W. R. Grace & Co.*, 22 F.Supp. 388, 392 (D.Md. 1938).

This leaves the question whether the first supplemental report was issued without authority and in violation of the terms of the Uniform Arbitration Act. In addressing this question, we need not decide whether Sisler had the authority to issue the first supplemental report or whether the provisions of the Act were applicable retroactively to render the report invalid and unenforceable. We will assume, without deciding, that Sisler had no power to modify or correct his original award, except as provided in the Act, and we will agree with Hot Springs that we should consider only the January 15 award. Still, we reach a result adverse to Hot Springs.

We think a result adverse to Hot Springs is compelled by our decision in *Martin v. Winston*, 181 Va. 94, 23 S.E.2d 873, *cert. denied*, 319 U.S. 766 (1943). There, an owner and a firm of contractors entered into an agreement whereby the contractors undertook to construct a residence for the owner at a price of $23,500.20. After the building had been substantially completed and the owner had paid the contractors more than $19,000.00, a dispute arose concerning whether the work had been performed in accordance with the plans and specifications. The parties agreed in writing to submit the dispute to arbitration.

During arbitration, the contractors maintained that they had fully performed the contract and were entitled to recover $4,103.25, the balance due on the contract price. The owner claimed that the departures from the plans and specifications were so substantial that the contractors should be required to remove the structure and refund the money she had paid, plus expenses.

Within the time fixed by the arbitration agreement, the arbitrators filed a report in which they rejected the owner's claim of substantial breach but allowed her $3,759.57 for several minor items of damage. Then, nine days later, after the time had expired for filing a report, the arbitrators filed an addendum in which they stated that " '[i]t is the decision of the arbitrators that [the owner] shall pay to [the contractors] the balance due on the contract after deductions allowed in the [earlier] report.' " *Id.* at 101-02, 23 S.E.2d at 875.

The matter came before the trial court upon a rule issued against the owner requiring her to show cause why the original

award, when read in conjunction with the addendum, should not be enforced as a judgment of the court. At a hearing on the rule, the arbitrators testified that the $3,759.57 allowed the owner in the original award was intended as a credit on the balance of the contract price owed to the contractors. The trial court held that the contractors were not entitled to recover the $388.83 difference between the credits allowed the owner and the balance due on the contract price because the addendum was filed too late and the original award was null and void because of uncertainty. *Id.* at 102, 23 S.E.2d at 876.

On appeal, the debate between the parties was similar to the argument advanced here on the effect of arbitration action taken after issuance of an original award. In this connection, we wrote:

> Much is said in the briefs on both sides as to whether, in arriving at the true meaning and intent of the original award, we are entitled to look to the addendum to the award and to the testimony of the arbitrators. In our opinion it is not necessary to decide these questions for when the original award is considered in the light of the issues presented to the arbitrators, as outlined in the statements of the respective parties, we think it is perfectly apparent that the arbitrators intended that the award of $3,759.57 to the owner should be credited on the unpaid balance of $4,148.40 on the contract price, and that the contractors are entitled to recover the difference of $388.83.

*Id.* at 107, 23 S.E.2d at 878. We reinstated the original award and entered final judgment in favor of the contractors for $388.83. *Id.* at 116, 23 S.E.2d at 882.

If it was "perfectly apparent" in *Martin* that the arbitrators intended in their original award to allow the contractors a recovery over against the owner, *id.*, it is conclusively apparent in this case that Sisler intended to allow Home Oil credit in his original award for the $10,485.72 Hot Springs withheld from the accounts receivable. The parties stipulated in their "ground rules" letter to Sisler that Hot Springs had withheld the money, and, in his original report, Sisler took notice of the stipulation in language which leaves no doubt he intended to allow Home Oil credit in that report for the amount withheld. He merely neglected to enter the credit in a summary at the end of his report. This neglect pro-

duced a false balance in favor of Hot Springs, but the neglect does not undermine Sisler's obvious intent to allow the credit in his original award.

For the reasons assigned, we will reverse the judgment of the trial court to the extent it upheld the awards contained in Sisler's second and third supplemental reports. We will affirm the judgment to the extent it reflected the allowance to Home Oil of the credit for $10,485.72. Had Sisler allowed the credit in his original report as he intended, he would have awarded Home Oil $488.28, representing the amount of the credit less the $9,997.44 Sisler awarded Hot Springs in the original report. Accordingly, we will enter final judgment here in favor of Home Oil for $488.28, with interest at the judgment rate from July 1, 1988.

*Affirmed in part,*
*reversed in part,*
*and final judgment.*